**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BARACK OBAMA, et al.,** | ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. 3:09-CV-2260-K-BH |
| | ) | |
| **UNITED STATES OF AMERICA, et al.,** | ) | |
| Defendants. | ) | **Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive issues. Based on the relevant filings and applicable law, this action should be **DISMISSED** with prejudice.

**I. BACKGROUND**

In March 2009, Corolone Inc., Barack Obama, Osama Bin Laden, and Buddy Busch purportedly filed a civil action against Mahmound Ahmadinejad, Hugo Chavez, Rod Blagojevich, Donald Trump, and James Goodnight in the 193rd Judicial District Court of Dallas County, Texas. (*See* Doc. # 3, Original Pet. at Ex. 37.)[1] The address for Buddy Busch was listed as 3716 Woodshadow Lane in Addison, Texas. (*See id.*)

In April 2009, defendant Donald Trump moved to dismiss the action because Buddy Busch, also known as Phil Busch ("Busch"),[2] was a vexatious litigant under Texas law. (*See* Ex. 8.) In a responsive affidavit, Busch stated that he had "no interest" in the case, did not want to be involved

---

[1] All exhibits are attached to docket entry number 3 unless otherwise stated.

[2] Phil Busch also used the name "Philip" and "Phillip" in prior actions. *See Busch v. Robertson*, No. 3:05-CV-2043-L (N.D. Tex. filed Oct. 14, 2005); *Busch v. Viacom Int'l Inc.*, No. 3:06-CV-0493-L (N.D. Tex. filed Mar. 20, 2006); *Busch v. Williams*, No. 3:06-CV-1352-D (N.D. Tex. filed July 27, 2006); *Busch v. Basic Organics, Inc.*, No. 3:06-CV-2261-L (N.D. Tex. filed Dec. 8, 2006); *Busch v. Robertson*, No. 3:07-CV-0375-G (N.D. Tex. filed Feb. 28, 2007). Each of these cases shows his address to be the same Addison address used by Buddy Busch in the underlying state action.

with it, and that "Buddy Busch" was his and his wife's cat. (*See* Ex. 9.)  The affidavit also stated that he would hire Dr. Dolittle to speak to his cat so that the cat could state that it has no interest in the case, that it is impossible for a cat to file a lawsuit, and that he has no aliases. (*See id.*)  The state court took notice that Busch had been declared a vexatious litigant,[3] dismissed the action with prejudice, and assessed costs against him. (*See* Order of Dismissal, attached as Ex. 22.)  Busch later moved to vacate the dismissal because he was not a party to the original action, restating that "Buddy Busch" was a cat. (*See* Mot. Vacate, attached as Ex. 20.)  State court records reflect no action on the motion. (*See* Ex. 1.)

On October 28, 2009, a Vito Andolini purportedly filed a third-party complaint on behalf of several plaintiffs against former President George W. Bush, Internal Revenue Service Special Agent Stephen Noll, and others.[4] (*See* Ex. A, attached to Notice of Removal, doc. 1.)  The United States removed the action to this Court, alleging that Busch actually filed the state third-party complaint.[5] (*See* Notice of Removal at 1.)

## II.  INHERENT POWER TO DISMISS

The federal courts possess the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31

---

[3] On February 25, 2009, the 160th Judicial District Court of Dallas County, Texas declared Busch to be a vexatious litigant under Texas law and prohibited him from filing any new litigation in any Texas court without pre-approval from a local administrative judge. (*See* Order of Feb. 25, 2009, in *SAS Institute Inc. v. Busch*, No. 08-07785, attached as part of Ex. 21.)

[4] According to the state filing, the third-party plaintiffs are Osama Bin Laden; Barack Obama; Carlos Rodriguez (an alleged illegal alien who owns a spa); Pastor Mike Hayes (a.k.a. Steve Six); and Corleone Inc. The named defendants in that filing are President George W. Bush (a.k.a. code name Buddy Bush); Chief of Staff Rahm Emanuel; First Lady Michelle Obama; Secretary of State Hillary Rodham Clinton; Secretary of the Treasury Timothy F. Geithner; Fox News Network, LLC (a.k.a. code name Buddy Bush); Special Agent Stephen Noll of the Internal Revenue Service; Wachovia Bank Manager Albert Avila; and real estate agent Firman Cook.

[5] Based on that removal, the United States of America has been docketed as a defendant in this federal action.

(1962). Within this power is the authority to control their dockets, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Id.* at 629-32. The power also permits courts to *sua sponte* consider the sufficiency of a complaint and dismiss an action for failure to state a claim. *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006); *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991). *Sua sponte* dismissal is proper so long as the court employs a fair procedure. *Lozano*, 489 F.3d at 642. While there is no "bright line rule", *sua sponte* dismissal is generally improper unless the filing party is given adequate notice and an opportunity to respond. *Id.* at 642-43. However, notice is not always required when "the plaintiff has alleged his 'best case.'" *Id.* at 643 (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

Courts also possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Upon a finding of bad faith or a willful abuse of the judicial process, federal courts have the inherent, discretionary authority to dismiss an action. *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). However, this harsh sanction must be invoked with restraint. *Id.*

After Busch was designated a vexatious litigant in state court due to his litigation abuses,[6] he filed a complaint in the name of his cat.  Following dismissal of that complaint, he filed a third-party complaint in the same action that was removed to this Court.  The third-party complaint in this case has no basis in fact and is not being pursued by the named third-party plaintiffs, including the current United States President and a member of a terrorist organization.  The named defendants include a former President of the United States and the current First Lady with no plausible connection to the allegations of the complaint.  The complaint is factually frivolous and reflects a disregard for the judicial process.  Although Busch did not directly bring the case to this Court, his state filing exhibits bad faith and willful abuse of the judicial process. This action should therefore be dismissed as a sanction under the inherent authority of the Court.  In view of his litigation history, including prior sanctions warnings,[7] and the frivolousness of this action, Busch should be warned that abuses of the litigation process will not be tolerated and could result in sanctions, up to and including monetary sanctions payable to the Court and being prohibited from filing future cases except by leave of court.

### III. CONCLUSION

This action should be **DISMISSED** with prejudice, and Busch should be warned that sanctions may be imposed for future abusive litigation practices.  The Clerk of the Court is directed to identify Phil Busch (also known as Philip Busch, Phillip Busch, and Buddy Busch) as an

---

[6] Busch has also been warned about sanctions in at least two prior actions in this Court.  *See Busch v. Basic Organics, Inc.*, No. 3:06-CV-2261-L, 2007 WL 603385, at *8 (N.D. Tex. Feb. 27, 2007) (giving a "strong admonition" regarding imposition of future sanctions); *Busch v. Robertson*, No. 3:07-CV-0375-G, 2007 WL 1610129, at *4 (N.D. Tex. June 5, 2007) (warning about sanctions).

[7] To the extent Busch is entitled to notice and an opportunity to be heard prior to the dismissal of this action as a sanction, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962), the period for lodging an objection provides adequate notice and an opportunity for Busch to contest dismissal and the imposition of sanctions.

interested party for this case, and mail him a copy of this recommendation at 3716 Woodshadow; Addison, Texas 75001.  No notice is otherwise necessary to any listed party other than to the representative for the United States and Special Agent Stephen Noll.

**SO RECOMMENDED on this 11th day of February, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE